**UNITED STATES of America**

v.

**Frank J. LEPERE.**

**No. CR No. 83–308–T.**

United States District Court, D. Massachusetts.

Feb. 27, 1985.

Janis M. Berry, Asst. U.S. Atty., Chief, Criminal Narcotics Task Force, Boston, Mass., for the United States.

Martin G. Weinberg, Oteri, Weinberg & Lawson, Boston, Mass., for defendant.

## SUPPLEMENTAL MEMORANDUM AND ORDER

TAURO, District Judge.

On February 26, 1985, the Court of Appeals issued the following order:

Because of this court's uncertainty as to whether the district court interpreted the relevant statutory presumption as this court interpreted it in the subsequently decided case of *United States of America v. Mark Jessup*, —— F.2d ——, No. 84-1983 (1st Cir. February 25, 1985), we vacate the district court's order and remand this case for reconsideration in light of *Jessup*.

In response, this court advises that it did interpret the relevant statutory presumption in accordance with the subsequently decided case of *United States of America v. Mark Jessup*. In order to resolve any ambiguity on that score, this court amends the last paragraphs of its memorandum and order of December 19, 1984[1] as follows:

■■■ The court is persuaded that Congress intended to impose on persons charged with major drug offenses the burden of producing evidence that would rebut the statutory presumption that they pose a significant risk of flight or danger to the community. Absent the statutory presumption, defendant's proposed conditions of release might satisfy the court that he presents a reasonable bail risk. The defendant's proposal, however, is not sufficient to counterbalance the additional factor presented by the statutory presumption established in the Bail Reform Act. In other words, because of that presumption, the government has met its burden of persuasion.[2]

For the reasons stated herein, defendant's motion to revoke the Magistrate's detention order is hereby denied.

1. 599 F.Supp. 1322 (D.Mass.1984).

2. This paragraph previously read:

The court is persuaded that Congress intended by its statutory presumption to raise the threshold that persons charged with major drug offenses must meet in order to establish that they do not pose a significant risk of flight or danger to the community. Thus, while the defendant's proposed conditions and proffered property might otherwise satisfy the court that he poses a reasonable risk of flight, the defendant's proposal does not satisfy the new statutory burden regarding flight. Nor does it rebut the presumption of dangerousness. [footnote omitted]